Is the time set for the argument in the case of Miranda v. City of Casa Grande? You may proceed. Thank you, Your Honor. May it please the Court, Counsel, I represent Adrian Miranda. I'd like to reserve two minutes for rebuttal. The 14th Amendment and 42 U.S.C. Section 1983 were enacted to extend the rights of all citizens against the states and to enforce them during the South's reaction to Reconstruction. The Supreme Court in Monell declared that 1983 was to be broadly construed against all forms of official violation of federally protected rights. It's our contention that administrative trials, which jeopardize a person's livelihood, which are tainted by perjury and fabrication by government actors, cannot procedurally be fair and violate the due process guarantees of the 14th Amendment. Your claim is one under procedural due process, correct? Correct, Your Honor. In this case, through Officer Rush, he by himself tried to take away a man's livelihood when he lied to a judge to suspend his license. He lied again when he testified in the appeals hearing that Mr. Miranda did not recant his refusal to take a blood test. And only once the video was made available to the United States, who then gave it to Mr. Miranda, their employee, did the truth come out. Because Mr. Miranda did not have a memory of that evening because he was intoxicated to the point where he could not recall what had occurred. But once he was able to see the video, he could see Officer Rush getting the news that he had recanted his refusal and that he would, quote, do the blood work. He could see Officer Rush acknowledging that he had received that information. His response was surprised. No shit. But then he walked right in and with knowledge that he would be suspending Mr. Miranda's right to drive for one year, with knowledge that under Arizona law, recanting before you go and get the warrant is perfectly valid. So how do you how do you respond to the argument that the other side makes that in the procedural due process context? One of the things we look for is whether there were adequate post deprivation remedies. And here your client was able to have a second administrative hearing. He was able to get this situation turned around. He has other claims, state law claims that are pending that haven't been addressed yet, but that I suspect you contend have merit. And so in light of that, he he says, well, there's really not a Section 1983 claim. So what's your response? Well, two responses. First of all, it doesn't undo the fact that his license was suspended pending the second second administrative hearing, which was an extraordinary hearing, which was only allowed because we had found the recordings of Officer Rush getting the information that Mr. Miranda had agreed to do the blood test. But second of all, the state law claims have no no punitive damages, which affects the ability of the United States to enforce its laws against officers who choose to fabricate evidence. And that is a substantive, I think, a substantive right that makes it important that there be a federal cause of action when you take away a person's right to a fair trial by fabricating a line about evidence. Once the fact came out that we had the video and we could go back and recontest the issues, we went in front of another judge and we said, here it is. He knew that we recanted to which Officer Rush replied, I don't know what the word blood work means within the context of a man who's about to walk into a room and tell a judge that in order to draw the blood that Mr. Miranda was refusing to do exactly what he had said he would do. And all of this is within the context of withholding evidence in the form of a video which would have provided Mr. Miranda with the memory he didn't have during the first hearing that he went through. So, in terms of this case, we feel that that that denial, or the choice to go into a room with the judge and to lie about something that he absolutely knew during the first warrant violates his constitutional rights for a substantive due process, and lying at the subsequent to to hearings, because within the context of a, I'm sorry, Council, are you saying that it is also a substantive due process violation, because earlier you said is just procedural. Yeah, I, you know, I, I have, I, the court, and I have had a very difficult time with the differentiation between substantive and procedural due process within the context of the 14th Amendment. You know, I, we pledged to have the same problems too. So, yeah, we pled procedural, and we believe when you put your thumb on the scale by lying that you take away that right to a procedurally procedural or not procedural but sub procedural due process I'm sorry, it's flipping around in my head. I've been looking at it at the end of the day doesn't matter we could assess it under both procedural and substantive due process. Correct. Correct. And there's nothing I didn't see anything in pleadings, precluding that. Correct. So let me ask you about procedural due process let's separate that out and get back to dress this question. Do you have a case that says that once you give, there's an adequate post deprivation remedy that you still can have a viable procedural due process claim based on the first infirm proceeding. I believe that there was an adequate if there was an adequate alternative remedy that we would be precluded, because why should the Constitution become involved unless there's an important right that's being violated and if the right is to to find or seek Well, I guess I'm just I'm confining my question to procedural due process, because I want to understand your position, I thought I'm arguing with you. I completely understand I appreciate the question. But I think where the distinction becomes, it comes in is that between the set first and the second. Mr Miranda's rights were violated because his license was taken away, were it not in the second thing is that the second hearing wasn't something that was done as a matter of course, it was an extraordinary remedy because of the because of the uncovering of the videos, so it wasn't as if you know it was an extraordinary remedy versus something was built into the system. And so it was, I mean it was available, it was available to your client, your client succeeded in getting it. He actually got relief out of it and so I guess I'm having a hard time seeing why that wasn't adequate. Were there not a time, were there a time machine that we could go back and have the second court undo what the first court had done in making the finding based upon the misrepresentations, there would be no harm, there would be an adequate remedy. But where the license is suspended because of the plotting and and perjury of the officer. The deprivation of the license cannot be undone, and that is true in every deprivation of liberty or property there's always going to be a period of time where that was done. In your view incorrectly here, but that's the point of the post deprivation remedy is to try to turn that around. I mean by the, by the logic of your argument I, I think there would be no post deprivation remedy that would ever be sufficient. Not where it comes, you know, I mean, let's go to the criminal, let's, let's look at the criminal context. If you go to trial and you are exonerated from the charges and you've not gone to jail yet. There's no irreversible. The remedy is that you had the trial, you went you proved yourself innocent. There are going to be some charges along with that but they are not going to be a deprivation of your rights. In this particular case, when Mr. Miranda was, I'm going to call it defrauded but but basically the right to drive was taken away from him because of the lies told by the officer that became an irreparable harm and I guess that that's why we believe that it becomes constitutional because the subsequent remedy, because we do have a right under state law to sue for compensatory damages, but we have no punitive damages to punish the officer for lying in front of a tribunal to take away this man's rights. You have other claims pending. They haven't been resolved. Correct Your Honor they're pending in the state court in the, in, in Arizona. Yes. Against the county. Yes. And against officer rush. Okay, well so what is your theory in that case against the county. The same ones that we are alleging in this particular case that that it was under Arizona law that it was improper use of process abusive process. Also, a malicious prosecution type claim within the state court, but again, the problem with that is that there are no remedies for for there is no punitive damages to punish the officer for violating this man's constitutional right to a fair trial. Are you aware of any cases that say that to avoid a procedural due process problem you have to be entitled to you have to have a claim that allows for punitive damages. No, no, Your Honor, I am not aware of that particular case but I'm not the one that interprets the law, I tried to find something I didn't find it, but it doesn't mean that shouldn't exist. You're under five minutes to honor reserve. Yes, Your Honor. Thanks. May proceed. Thank you may please the court. The claim is procedural due process under the Fourth Amendment. The wrongful institution of a civil act, that is the claim. And with all due respect, that is been the only claim that the plaintiff brought as a federal claim. This is not a substantive due process claim. It is a procedural due process claim. In fact, the plaintiff criticized us when we responded by saying don't conflate my procedural due process claim into a substantive due process claim. It was very clear before the district court Judge Tucci that the court pointed out that plaintiff brings this as a procedural due process claim. And so as the plaintiff conceded today there is no case law in the Ninth Circuit that establishes this right. This is a claim that is not recognized here in the Ninth Circuit. It is not cognizable. So let's look at what's involved. The plaintiff is not challenging Arizona statutory procedures that provides in a driver's license suspension under the implied consent statutes of Arizona, that he is not afforded procedural due process, which, as we know, is simply notice and a meaningful opportunity to be heard. So the plaintiff has conceded that Arizona's statutory provisions that includes a hearing where you can present evidence, you can cross-examine witnesses, and a neutral administrative law judge can decide the issues within the scope of the hearing for this civil suspension type proceeding. So that affords procedural due process. And that's really where this case should end, because the defendant under the state statutes did receive all the procedural due process that would be required by any constitutional analysis, far more than the procedural due process in Dixon v. Illinois. And again, this is something that is not contested. So now what the plaintiff wants to argue is the following. And by the way, it's not the county who's a defendant. It's the city of Casa Grande. And Officer Rush is a named individual defendant for count four, because the attack on him by the plaintiff is that as a witness, he allegedly lied under oath. Well, that is exactly the type of allegation that is addressed by a neutral judge in this context, an administrative law judge that assesses credibility, weighs the evidence, and provide an appropriate decision. Now, what the plaintiff started to say is there was something about this disclosure of video evidence, but that's not a claim that's before this court. The evidence said it was submitted to the court, and you have the totality. You have not just the full transcripts from both of the administrative law proceedings, but you have the entirety of the audio recordings and the video with sound recordings from the Casa Grande Police Station. So you have the totality of the record. And I submit to the court that when you look at these videos in the totality, and that is what is always available under a public records request, it's not like they could claim there's some discovery violation because it's not before this court. And again, this is an administrative proceeding. So there's no violation whatsoever before you. Again, is did the plaintiff receive a constitutionally proper procedural hearing? The answer is overwhelmingly yes. So now, counsel, what do you make of the argument that they make under Costanich where he's saying that his right to be free from the deliberately fabricated evidence and civil proceedings is a deprivation of a right? That sounds more like a substantive due process claim than a procedural one. It is a substantive due process claim, and that's why Judge Tucci properly rejected the argument. Why do we need to reject it, though? I don't see anywhere in the complaint that you can't construe it as a substantive due process claim. But it still doesn't rise to the level of a constitutional claim. And again, in fairness, the plaintiff has- That might be true, but why can't we at least reach that issue? Well, because it's not pled. And it certainly wasn't presented before Judge Tucci. That is not an argument that's- it's not only waived, it's deliberately and expressly not presented. And, you know, in fairness to this process, they file a claim. The case is removed from state court to federal court because now there's federal court jurisdiction. We promptly move for summary judgment, and we are literally castigated by the plaintiff that this is only a procedural due process claim. So we file our motion on the strength of the procedural due process claim. We are told that's the only claim that's being presented. Judge Tucci then analyzes this. Where did they say that this is only a procedural due process claim? Was that in the summary judgment? Yes, they say it there and they also say it in their complaint. So they filed an amended complaint. So when you look at count for the amended complaint, which is in the record, it's a procedural due process claim. And when you look through their pleadings, you will see that they specifically emphasize procedural due process. Ms. Marina's counsel today has said it's a procedural due process claim. The very first question that was asked of him stated that this is a procedural due process claim. So that's what's before the court. And then when you go to the district court's ruling, he pretty much points out that in Judge Tucci's order, he is he is saying expressly that, in fact, I'm going to get to his exact quote because he provides to you. Just bear with me. In fact, if you look at page 10 of his order at line 16, Judge Tucci is discussing the Kostinich decision. And he says the Kostinich was based on a violation of substantive due process rights. And then at line 16 here, plaintiff specifically states that his underlying constitutional violation is procedural due process, not substantive due process. And they say see docket twenty nine at page 14, quoting plaintiff defendants erroneously conflate plaintiff's procedural due process claim with the 14th Amendment substantive due process claims. So the plaintiff has not just today, but in his pleadings and before the district court, in fairness, all of a sudden changing this analysis and saying, well, you you we can analyze this under the substantive due process analysis. First of all, this doesn't rise to a substantive due process constitutional claim either for this for for reasons. And again, you're talking about a state, a state that has the right to grant whether or not driving is a is a privilege and it has the mechanism in place. When people drive on the roads of Arizona, they impliedly consent that if they're driving or an actual physical control of a vehicle under the influence and really being over point oh eight. We know that his blood alcohol level was point one, three, seven, and they provide the proper statutory administrative scheme that provides for a full hearing, as was done here. You're not going to see either a substantive due process right or procedural due process right now. You get to the heart of case law in this circuit. Pasquale Brazil's the constant niche case. And as we mentioned about Dixon, we love all of these. All of these cases say that when you have this type of proceeding where a driver's license is going to be potentially suspended, it's initiated by the state of Arizona. But the state of Arizona is not a party here. This is Officer Rush, who in the context of this case is just being attacked for he lied on the road. Well, again, that's the type of claim that's often made and it's resolved by a trier effect. In this case, the ALJ. What do you think of the district court's ruling that civil malicious prosecution cannot proceed in a civil proceeding? Do do we need to reach that issue? Well, no, you don't, because, again, by by the way, this case was framed as a procedural due process case. You can look at this record and see that the plaintiff clearly had post deprivation remedies. They have a hearing with notice and a meaningful opportunity to be heard. I mean, the record overwhelmingly shows you that Arizona provided him a meaningful procedural due process and he had two full hearings. And in the second hearing, the judge really if you look at the ruling, you have a trier effect that has a difference of opinion. I will submit to the court that under the totality of the circumstances, there was not a recant. And yet that's what the second ALJ found. So that's that that that happens every day in court. Every day there's finders of fact to make decisions on credibility of witnesses and certain findings of fact. And in this case, it wasn't that that the second ALJ judge found Officer Rush not credible. In fact, to the contrary, both ALJs found Officer Rush credible. The reason that Mr. Miranda obtained the relief that he got was because the second ALJ said under the totality of the circumstances, his one isolated statement to a non investigating officer in a different room somehow was a recant. And we disagree with that. But still, that's the ruling. And that recant should have triggered one more round of the formal. Do you unequivocally consent? Arizona's statute requires unequivocal consent. I submit to the court that when you look at Mr. Miranda's behavior at the Casa Grande police station, he never provided unequivocal consent. But the ALJ said that that statement of a non investigating officer should have allowed one more run through the formal questions. That's part of the state forms as to whether or not he unequivocally consented. So when the judge agreed with Mr. Miranda in the second case, he clearly is getting his procedure due process. And that's the judge and the judge in the second ALJ case make any finding as to whether Rush knew about the video at the time of the first testimony? No, no, absolutely not. It was it was it was something that was gone into in the second hearing as part of the evidence. In fact, Mr. Miranda's counsel presented that video. It was done as part of cross examination. It was explored and there was clearly a difference of opinion. And the second ALJ judge found that that, again, was it rose to the level of recantation that he should have been given one more opportunity to unequivocally consent. Difference of opinion as to as to what as to whether the video showed he recanted or not. In other words, did the difference of opinion you're referencing is when one looks at this video, did Mr. Miranda actually agree to the blood draw or was it just too confusing? I think it's too confusing. And that was what Officer Rush more. I mean, I would maintain on behalf of Officer Rush that it is not clear and we disagree that it's a it's a recant. That being said, the ALJ agreed with Miss Miranda and not Officer Rush. When you look at that and he's telling with his head leaned over in the context of his overall behavior, which is nothing but noncompliance and being a refusing person and he leans over, he says, hey, man, I'm doing blood work. And that statement by itself is not a the unequivocal consent that is required by Arizona law. Nevertheless, the ALJ judge felt that he should have been given one more opportunity to unequivocally consent. Let me also say that while plaintiff alluded to this, the warrant issue is really an unrelated red herring. The warrant is something that is based on probable cause, not challenged here. And it's something that with or without consent, it's to obtain evidence lawfully under the Fourth Amendment for taking a blood draw. So a police officer, if they have probable cause, you never have to somehow look for consent. First, police officers, every right to seek a warrant right out of the box. And if it's based on probable cause. So the conversation that Officer Rush had with Judge Ellsworth, who issued the warrant, is completely separate from the issues before this court. Totally proper and not an issue. So what this case now focuses on and what the issue is framed as being is whether or not. Because you have an allegation that someone lied at a hearing that was subject to full presentation of evidence, subject to full cross examination, the opportunity to be heard very much present and the ALJ judge ultimately ruled in favor. And when I listen to your questions that you've asked, you're talking about post deprivation remedies. This is exactly what took place in this case. And for the plaintiff to say, well, I need an opportunity for punitive damages. So I want to create in the Ninth Circuit a constitutional deprivation so that I can now seek punitive damages. There's there's no basis to somehow stretch and strain the 14th Amendment and and and under any analysis. What what the 14th Amendment is here to address is when, you know, those cases that that can rise to the level, but not here. When everything that has been done is afforded Miss Miranda, his rights and the district court judge properly looked at this and granted summary judgment. We would urge you to affirm the district court's summary judgment. The plaintiff has his pending state tort claims. This is a civil tort case. And those claims are now pending back in Pinal County Superior Court. But on this day, we ask you to affirm the granting of summary judgment and affirm the ruling of Judge Tucci. Thank you. Thank you, counsel. We'll hear about. Thank you. First of all, this can't be a Fourth Amendment case based on the blood draw because Mr. Miranda consented to the blood draw. So there is no issue of him having a seizure without due process. He consented to the blood draw. He agreed to the blood draw. But badges come with a heavy price. When you take the oath, one of the things that we have as a sub is a procedural due process guarantee is that there will be a meaningful opportunity to be heard. The state provided that it was Officer Rush that took that away when he chose to lie, knowing that Mr. Miranda was drunk, was very drunk, which is why he let his child, why he even planned to let his child drive to and from the bowling alley. There was one misstatement was which was both ALJs found Rush to be credible, partly credible. They found for him on part, but they found against him when it came to this exchange. And it's set forth on page 14 of our initial petition. Mr. Miranda, can you let them know I'm doing the blood work? Officer McKinney, you want me to let them know you're doing the blood work plaintiff? Yeah, I'm doing the blood work. Officer McKinney. All right. He walks into the next room. Officer McKinney to Officer Rush. He says he's doing the blood work. Officer Rush. He said he's doing the blood work. Officer McKinney. Yes. All right. So the second ALJ found that Mr. Miranda had consented to the blood draw. But there was no finding that Officer Rush in his first. His initial testimony lied about that. That's an inference you're drawing, but there was no finding. Actually, we didn't ask for a finding that he lied in his first first first hearing, but he specifically said that Mr. Miranda did not recant his refusal. He said that specifically in either a he didn't remember. So he was lying or B. He did remember that he had been told that Mr. Miranda would do the blood work. So in either event, he was not telling the truth when he said that. And when he initially sought the blood work itself, since he had permission, wasn't a Fourth Amendment violation. But when it went to the when it went to the administrative through the administrative process, he knew that he was going to be his license would be suspended for one year. And when he was discussing at the copy machine with another officer, the conversation was he's water patrol agent. His response or no, the response was cool. And it's like this is not the behavior of an officer who swears to follow the Constitution. There is some confusion. But again, I would point back to Monell that 1983 is to be broadly construed against all forms of official violation of federally protected rights. We believe it is a violation of procedural due process because his right to a meaningful opportunity to be heard was denied when Officer Rush chose to lie. Thank you. Thank you. Thank both of you for your arguments this morning. The case just argued will be submitted for decision and will be in recess.
judges: Thomas, Bress, Bumatay